UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


REINA MEDINA                                              CIVIL ACTION

VERSUS                                                    NO: 13–4831

BROTHERS BEHRMAN HWY., INC. ET AL.                        SECTION "H"(4)


## ORDER AND REASONS

Before the Court is a Motion to Set Aside Default (R. Doc. 15) filed by Defendants Brothers Behrman Hwy., Inc. ("Behrman") and Brothers Stump and Terry Parkway, LLC ("Stump").  For the following reasons, the Motion is GRANTED, and the entry of default (R. Doc. 13) is hereby SET ASIDE.


## BACKGROUND

This is a civil action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff Reina Medina filed her complaint on June 18, 2013, naming Berhman and Stump as

1

Defendants. On February 13, 2014, the clerk of court entered default against Defendants. Five days later, Defendants moved to set aside the default and filed an answer to Plaintiff's complaint.

## LEGAL STANDARD

Rule 55(c) permits the trial court to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). To determine whether "good cause" has been shown, a district court should consider (1) whether the default was willful; (2) whether granting the motion would prejudice the non-moving party; and (3) whether a meritorious defense is presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). These factors, however, are not "talismanic" and the Court may consider others such as whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default. *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992). In deciding a Rule 55(c) motion, the Court is mindful that default judgments are generally disfavored by the law and that any doubt should be resolved in favor of the movant. *See Lacy*, 227 F.3d at 292.

## LAW AND ANALYSIS

The balance of factors weighs heavily in favor of setting aside default. The default was clearly not willful. Defendants' failure to timely answer the lawsuit was due to administrative oversight. Moreover, any potential prejudice Plaintiff would suffer as a result of setting aside

2

default is negligible.  There is no trial date set in this matter, and the record does not reflect that any discovery has taken place. The Court also notes Defendants acted expeditiously to correct the default.  Defendants filed a responsive pleading and a motion to set aside default five days after the clerk of court entered default.  Finally, the Court finds that Defendants have presented a meritorious defense in their answer. *See Side by Side Redevelopment v. City of New Orleans*, No. 09–3861, 2010 WL 375237, at *3 (E.D. La. Jan. 25, 2010) (finding meritorious defense present in answer if "allegations . . . contain even a hint of a suggestion which, proven at trial, would constitute a complete defense.") (internal quotation marks omitted).

In sum, the Court finds that the entry of default was not willful, that Defendants acted quickly to remedy the default, that Plaintiff will not be prejudiced by setting aside the default, and that Defendants can present a meritorious defense.  Given the foregoing, there can be no doubt Defendants have established the good cause necessary under Rule 55(c).  Accordingly, the entry of default against Defendants shall be set aside.

**CONCLUSION**

For the reasons previously stated, the Motion is granted, and the default against Defendants is hereby set aside.

New Orleans, Louisiana, this 24th day of June, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**